Eric J. Goodman (CA State Bar No. 210694)
**GOODMAN MOONEY, LLP**
18012 Cowan, 2nd Floor
Irvine, California 92614
Telephone: (949) 622-0020
Facsimile: (949) 622-0024
Email: litigation@goodmanmooney.com

Gregory P. Goonan (CA State Bar No. 119821)
**THE AFFINITY LAW GROUP**
5230 Carroll Canyon Road, Suite 230
San Diego, California 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff
EL BURRO, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL BURRO, INC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KNUCKLE SANDWICH LLC, a California limited liability company,<br><br>Defendant. | Case No. 3:23-cv-3782<br><br>**COMPLAINT** |

Plaintiff EL BURRO, INC. ("Plaintiff") files this Complaint and complains and alleges as follows against KNUCKLE SANDWICH LLC ("Defendant").

## INTRODUCTION

1. This is an action under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), seeking de novo judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark

Office.

2. By a decision dated May 26, the TTAB denied a cancellation petition brought by Plaintiff to cancel United States Trademark Registration No. 4868002 owned by Defendant for the term El Burro Borracho.

3. The decision by the TTAB denying Plaintiff's cancellation petition was incorrect and not supported either by the law or the evidence in this matter.

4. Accordingly, by this action, Plaintiff seeks an order from this Court reversing and vacating the referenced TTAB order, and an order directing the United States Patent and Trademark Office to cancel the Subject Registration.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction in this matter pursuant to section 21 of the Lanham Act, 15 U.S.C. § 1071(b).  This Court also has subject matter jurisdiction pursuant to 15 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 15 U.S.C. § 1071(b)(4) and 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

7. Plaintiff EL BURRO, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business in Carson, California.

8. Plaintiff operates Mexican food eateries under the federally-registered trademark "EL BURRO" and has built a prominent reputation amongst customers seeking exceptional Mexican food.

9. Defendant KNUCKLE SANDWICH LLC is a limited liability company organized under the laws of the State of California with its principal place of business in Santa Rosa, California.

## GENERAL ALLEGATIONS

10. Since at least 2011, Plaintiff has been creating, marketing, promoting and selling food and services in Mexican eateries under its EL BURRO® family of

trademarks (the "El Burro Marks").

11. Through the promotion of its restaurant services under its El Burro Marks, Plaintiff has built a prominent reputation amongst customers seeking exceptional Mexican food.

12. Furthermore, as a result of Plaintiff's extensive advertisement and promotion of the El Burro Marks, it has developed enormously valuable goodwill.

13. Plaintiff owns a family of trademarks featuring the term "El Burro," including the following registrations with the U.S. Patent and Trademark Office:

| Mark | Reg. No. | First Use | Registered | Class |
|---|---|---|---|---|
| (El Burro Tacos & Beer logo) | 4140047 | 2/11/2011 | 5/8/2012 | 43 |
| EL BURRO | 4151153 | 2/11/2011 | 5/29/2012 | 43 |

14. The foregoing registrations are incontestable and therefore constitute conclusive evidence of Plaintiff's ownership of and exclusive rights to use the El Burro Marks in connection with the services recited in the referenced registrations.

15. Defendant is the owner of Registration No. 4,868,002 for the mark EL BURRO BORRACHO (the "Subject Mark") for restaurants in International Class 43 which issued on December 8, 2015 (the "Subject Registration").

16. Defendant's purported first use of the Subject Mark is December 31, 2014.

17. Defendant is operating Mexican food eateries and is marketing, promoting and offering restaurant services under the Subject Mark.

18. Plaintiff and Defendant are competitors in the same field or industry in that they both use their respective trademarks for Mexican food eateries.

19. Defendant is exploiting the Subject Mark in a manner that is confusingly similar to Petitioner's El Burro Marks.

20. Plaintiff's first use of the El Burro Marks is February 11, 2011, whereas Defendant's first use of the Subject Mark was purportedly December 31, 2014.

21. Plaintiff consequently has priority of use over Defendant's Subject Mark.

22. Defendant's Subject Mark is confusingly similar to Petitioner's El Burro Marks so as to be likely, when used in connection with Defendant's restaurant services, to cause confusion, to cause reverse confusion, to cause mistake, or to deceive under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

23. Given the foregoing, Plaintiff is being and will continue to be damaged by the registration of the Subject Mark.

24. Plaintiff filed a cancellation petition with the TTAB on December 20, 2020 by which Plaintiff sought cancellation of the Subject Registration.

25. On May 26, 2023, the TTAB issued a decision (the "Subject Decision") by which the TTAB denied Plaintiff's petition for cancellation of the Subject Registration.

## COUNT ONE
### (Appeal From Decision Of The Trademark Trial And Appeal Board Pursuant To 15 U.S.C. § 1071(b))

26. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff appeals the Subject Decision and seeks de novo review of the Subject Decision pursuant to section 21 of the Lanham Act, 15 U.S.C. § 1071(b).

28. The Subject Decision is in error and is not supported either by the law or the evidence in this matter.

29. The Subject Decision accordingly should be reversed and vacated, and an order should be entered directing the PTO to cancel the Subject Registration.

## COUNT TWO

(Request For Declaratory Judgment Pursuant To 28 U.S.C. §§ 2201 And 2202)

30. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff challenges and seeks cancellation of the Subject Registration Defendant's Subject Mark is confusingly similar to Petitioner's El Burro Marks so as to be likely, when used in connection with Defendant's restaurant services, to cause confusion, to cause reverse confusion, to cause mistake, or to deceive under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

32. Plaintiff is informed and believes and upon that basis alleges that Defendant denies Plaintiff's position.

33. Consequently, there exists an actual controversy among the parties about whether the Subject Registration should be cancelled, with respect to which Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment as follows:

A. Reversing the Subject Decision;

B. Ordering that the TTAB enter an order cancelling the Subject Registration; and

C. Awarding Plaintiff such other relief as the Court may deem just and proper.

Dated: July 28, 2023             THE AFFINITY LAW GROUP

By: _____
Gregory P. Goonan
Attorneys for Plaintiff