UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL BURRO, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KNUCKLE SANDWICH LLC,<br><br>　　　　　　Defendant. | Case No. 23-cv-03782-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

　　　　Knuckle Sandwich is wrong to argue that the failure to comply with the five-day deadline under 37 C.F.R. § 2.145(c)(3) for notifying the Trademark Trial and Appeal Board of the filing of a civil action leaves district courts without jurisdiction. Nothing in the statute governing the procedure for filing a civil action following a TTAB decision imposes a requirement to notify the TTAB. *See* 15 U.S.C. § 1071(b). The statute includes only the requirement that a party may bring a civil action "within such time after such decision, not less than sixty days, as the Director appoints or as provided in subsection (a)." *Id.* And Knuckle Sandwich does not dispute that El Burro complied with this statutory mandate by filing this case within the necessary time frame. The five-day TTAB notice provision is only found in 37 C.F.R. § 2.145(c)(3). That should be the end of any jurisdictional argument. *See Bowles v. Russell*, 551 U.S. 205, 212-13 (2007).

　　　　Knuckle Sandwich points to two district court cases and several Federal Circuit court cases in support of its argument that a "failure to satisfy the requirements in the CFR *even where* the party technically complied with the related statute" could deprive a court of jurisdiction. But these cases are distinguishable. The district court cases involve environmental statutes that require plaintiffs to provide notice of an alleged violation within a prescribed time limit before

filing suit. *See Stark-Tusc-Wayne Joint Solid Waste Management District v. American Landfill, Inc.*, No. 5:10-CV-00119, 2012 WL 4475444, at *2-3 (N.D. Ohio Sept. 26, 2012); *Mid-New York Environmental & Sustainability Promotion Committee, Inc. v. Dragon Springs Buddhist, Inc.*, 647 F. Supp. 3d 286, 291-92 (S.D.N.Y. 2022). Because the statutes are vague as to the contents of such notices, the regulations specify what information must be included. Thus, in these cases, the courts determined that a failure to comply with the notice requirements, as contemplated in the statute and further specified in the regulation, meant that jurisdiction was lacking. But there is no statutory notice requirement here; § 1071(b) does not say anything about the party filing suit being obligated to notify the TTAB.

As for the Federal Circuit cases Knuckle Sandwich cites, three of them deal with parties who, unlike El Burro, failed to file their Federal Circuit appeals within the time limit set forth in § 1071(a) and further specified in the C.F.R. *See Flores v. Corporacion Habanos, S.A.*, 543 Fed. Appx. 1018, 1019 (Fed. Cir. 2013); *In re Maslyukov*, 346 Fed. Appx. 578, 579 (Fed. Cir. 2009); *Boyle v. Barclays Global Investors, N.A.*, 50 Fed. Appx. 986, 987 (Fed. Cir. 2002). And one case is merely an unpublished order dealing with a party's failure to comply with an explicit provision in § 1071(a)(2) saying that when an appeal is filed with the Federal Circuit, "the appellant shall file in the United States Patent and Trademark Office a written notice of appeal directed to the Director" within at least 60 days. *See Stocker v. General Conference Corp. of Seventh Day Adventist*, 95 F.3d 1168 (Fed. Cir. 1996). In *Stocker*, the appellee filed a motion to dismiss based on a failure to comply with this notice requirement, and the appellant did not respond, so the appeal was dismissed. *Id*. It's not clear whether the Federal Circuit was called upon to grapple with the question whether § 1071(a)(2) is jurisdictional. It seems likely that it's simply a housekeeping requirement with an excusable deadline rather than a jurisdictional requirement. After all, it is not a time limit for filing an appeal, but a time limit for notifying the agency that an appeal has been taken (presumably so that the agency knows to transmit the record to the Court of Appeals). But in any event, there is no comparable requirement in § 1071(b).

Even if a federal regulation could somehow impose a jurisdictional requirement absent

2

any statutory authorization, there is no evidence that the provision at issue here was intended to do that. Instead, the language in § 2.145(c)(3) suggests that it's a housekeeping measure to help the TTAB facilitate "the orderly transaction of its business." *Bowles*, 551 at 212 (explaining that a time limit for filing an appeal imposed by statute is jurisdictional whereas a time limit for appeal imposed only by courts "for the orderly transaction of its business" is not jurisdictional). The regulation itself explains that not filing "the required notice can result in termination of the Board proceeding." This indicates that notice is necessary for the TTAB to keep track of which cases have been filed in district courts and which cases can be closed. 37 C.F.R. § 2.145(c)(3). There is no language suggesting that the regulation was intended to make notification to the TTAB a prerequisite to a federal court's ability to hear a civil suit.

      Accordingly, the motion to dismiss is denied. Knuckle Sandwich's Answer is due within 14 days of this order.

**IT IS SO ORDERED.**

Dated: December 20, 2023

_____
VINCE CHHABRIA
United States District Judge